## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                      )

                           )     CASE NO. 10 B 41812

       Brendolyn Boswell      )     Judge Hon. Schmetterer

                           )     CHAPTER 13

_____)

       Brendolyn Boswell      )

          Plaintiff,         )

                           )

          v.               )     ADV. NO. 10 AP 02158

M & T Bank               )

       Defendant.        )

*FINDINGS OF FACT AND CONCLUSIONS OF LAW* [handwritten]

## I.   FINDINGS OF FACT

### A.   The Parties

    1.    The Plaintiff is Brendolyn Boswell ("Plaintiff").

    2.    The Defendant is M & T Bank ("Defendant").

### B.   Factual Background

    1.    On or about September 17, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

    2.    Plaintiff owns the real estate commonly known as 7319 S. Campbell Avenue, Chicago, IL 60629.

    3.    That Chase Home Finance LLC holds a first mortgage lien on the real property commonly known as 7319 S. Campbell Avenue, Chicago, IL 60629, with a secured claim of $118,908.62 pursuant to the proof of claim filed by Chase Home Finance LLC on October 14, 2010.

    4.    The Defendant holds a second mortgage lien on the real property known as 7319 S. Campbell Avenue, Chicago, IL 60629 in the approximate amount of $12,000.00

pursuant to the Plaintiff's Schedule D. That to date, Defendant has not filed a proof of claim in Plaintiff's bankruptcy case, 10 B 41812.

5.     That the Plaintiff obtained an appraisal of the property on September 8, 2010 indicating the value of 7319 S. Campbell Avenue, Chicago, IL 60629 as $90,000.00.

6.     The first mortgage lien of Chase Home Finance LLC is a secured claim based on the mortgage recorded on March 26, 2004 as document number 0414104234 with the Cook County Recorder of Deeds, Illinois.

7.     The second mortgage lien of M & T Bank is a claim based on the mortgage recorded on February 14, 2000 as document number 00148869 with the Cook County Recorder of Deeds, Illinois.

8.     The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $277.00 per month.

9.     Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

10.     The Plaintiff's Chapter 13 Plan states at Section G paragraph 2, that "Due to the lack of equity in Debtor's primary residence located at 7319 S Campbell, Chicago, IL 60629, M&T Bank's second lien (Account #xxxxxxxx6526) will be paid as an unsecured creditor. M&T Bank shall retain its junior lien (Account # xxxxxxxx6526) on Debtor's real property until the earlier of: a)the payment of the underlying debt under nonbankruptcy law; or b) discharge under section 1328, at which time the lien shall be deemed released."

11.     On October 22, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 7319 S. Campbell Avenue, Chicago, IL 60629.

12.     That on October 22, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 1 M & T Plaza, Buffalo, NY 14203, and P.O. Box 1288, Buffalo, NY 14240.

13.     The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

14.     No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

15.     No evidence has been presented to challenge the appraised value of $90,000.00.

16.     The secured claim of M & T Bank in the amount of $12,000.00 exhausts the value and equity in Plaintiff's residence.

17.     There is no value and equity to support the claim of the Defendant.

## II.   PROPOSED CONCLUSIONS OF LAW

**A.    Jurisdiction**

1.     This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).  This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3.     This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.     The Debtor scheduled the first secured claim of Chase in the amount of $117,291.00 and the second claim, M & T Bank, for the amount of $12,000.00.

5.    On October 14, 2010, Chase Home Finance LLC filed a proof of claim for their first lien on Plaintiff's property in the amount of $118,908.62.

6.    No proof of claim has been filed by M & T Bank for the second lien. Pursuant to Plaintiff's Schedule D, M & T Bank holds a second lien on Plaintiff's property in the amount of $12,000.00. The second lien of M & T Bank in the amount of $12,000.00 is second in priority.

7.    That value of Plaintiff's residence is $90,000.00.

8.    As there is no value or equity to support the second priority lien of M & T Bank, the second M & T Bank claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff

Robert J. Semrad & Associates
20 South Clark Street
28th Floor
Chicago, Illinois 60603
(312) 913-0625

Dec 23, 2010

DEC 23 2010